IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AUBREY DUTSCHMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1153-SMY |
| | ) |
| 84 LUMBER COMPANY, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff originally filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging injuries due to exposure to asbestos (*See* Doc. 1-1). Defendant Goulds Pumps, LLC ("Goulds") removed the case to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1)[1]. Now before the Court is Plaintiff's Motion to Remand (Doc. 50), to which Goulds objects (Doc. 88). For the following reasons, the motion is **GRANTED**.

## Background

Plaintiff alleges he developed lung cancer from exposure to asbestos-containing products designed, manufactured, sold, distributed, or installed sold by various Defendants. Specifically, Plaintiff alleges he was exposed to asbestos secondarily through his stepfather, who was an aviation technician in the United States Navy from 1966 through 1968, as well as through his

---

[1] None of the other defendants joined the removal.

own service in the United States Navy as a boiler technician on the USS Morton from April 1973 through May 1977. The ship was owned and operated by the United States Navy.

Although Plaintiff claims he was exposed to the asbestos-containing products of numerous Defendants via his stepfather's and his own service in the United States Navy, Goulds is not among them.  Rather, he alleges exposure from Goulds' products based on his mother's work at Owens Illinois Glass Plant in Waco, Texas from 1956 through 1968; through his own work as a carpenter at various sites in Texas from 1969 through 1973 and again from 1980 through 2005; as a tiler for Duran at various hotels in Hawaii from June 1977 through 1979; and through personal home construction and shade tree automotive work from the 1970s through the 2000s.

On April 14, 2024, prior to removal, Plaintiff served Defendants with his uncertified answers and objections to Defendants' standard asbestos interrogatories.  In the Work History Sheet, Plaintiff listed Goulds as one of the pump manufactures on the USS Morton.  Based on the Work History Sheet, Goulds removed this case on April 22, 2024 (Doc. 1). On April 25, 2024 (subsequent to removal), Plaintiff amended his Work History Sheet to remove Goulds as a pump manufacturer on the USS Morton (Doc. 51-1).  Plaintiff's counsel asserts that Goulds was erroneously included, and conforming to the Complaint, Goulds was removed.  Plaintiff was deposed subsequent to removal, and there was no testimony claiming military exposure to Goulds' products.

Plaintiff now moves to remand, asserting that there is no basis for removal pursuant to 28 U.S.C. § 1442(a)(1) because there are no allegations he was exposed to any Goulds products in a military context.

**Discussion**

When deciding a motion to remand, the Court accepts as true the Complaint's allegations at the time of removal. *See Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021). The Court also may consider facts stated in the notice of removal. *See Curry*, 542 F. Supp. 3d at 808; 14C Charles Alan Wright *et al.*, Federal Practice and Procedure Jurisdiction § 3739 (4th ed. 2023) ("Whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state-court record at the time the notice of removal was filed."). But the Complaint's "[j]urisdictional allegations control unless it is legally impossible for them to be true." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) (alteration in original) (quoting *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 815 (7th Cir. 2015)).

Under § 1442(a)(1), removal is proper if a defendant establishes that it (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense. *Id*. Here, Plaintiff's Complaint does not include Goulds among defendants whose asbestos-containing products he was exposed to by virtue of service in the military.

While Goulds acknowledges there are no allegations in the Complaint that would trigger removal based on the federal officer removal statute, it maintains removal was proper based solely on a Work History Sheet attached to uncertified discovery responses served prior to Plaintiff's deposition. The Work History Sheet does not provide any specific detail regarding alleged exposure to Goulds pumps, but merely list Goulds as a possible pump manufacturer. Following removal, the Work History Sheet was amended to correct the erroneous inclusion of Goulds pumps as a product Plaintiff was exposed to aboard the USS Morton.

Federal officer jurisdiction requires a causal nexus between the acts defendant performed at the Government's direction and the plaintiff's claims. *See Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). That causal nexus is lacking here based on the allegations in the Complaint and Plaintiff's deposition testimony.

Accordingly, Plaintiff's Motion to Remand (Doc. 21) is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois and all pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED:** June 14, 2024

**STACI M. YANDLE**
**United States District Judge**